RODGERS, Justice:
The appellant, Ludie Brown, was indicted by the Grand Jury of Lauderdale County, Mississippi, for the alleged murder of Johnny B. Stinner, her common-law husband. Upon the trial the jury returned its verdict finding defendant guilty of manslaughter. The defendant appealed to this Court and now contends that the trial court committed several prejudicial and reversible errors. The first alleged error grew out of the failure of the trial judge to sustain the defendant’s motion to quash the indictment and venire on the ground that there was a systematic exclusion of women from jury service. An examination of the record here convinces us that the trial judge was correct in overruling the motion for the following reasons. The jury laws of this state (Sections 1762-1802, Mississippi Code 1942 Annotated [1956 and Supp.1968]) do not require that a fine, exact proportionate part of the jurors summoned to jury duty be women; moreover, the evidence introduced in the record in this case does not indicate that there has been a systematic exclusion of women from the jury since the legislature has extended the responsibility of jury service to women.
 The appellant also argues that defendant’s motion should have been sustained because there has been a systematic exclusion of all citizens who are not registered to vote, inasmuch as the jury list was exclusively obtained from the list of qualified electors, and a list of names of freeholders was not ordered to be used by the circuit judge as is permitted by Section 1762, Mississippi Code 1942 Annotated (Supp.1968). We cannot agree with this contention; the jury laws of Mississippi are directory (Section 1798, Mississippi Code 1942 Annotated [1956]), and although the officers may be penalized for a failure to carry out the legislative directive (Section 1778, Mississippi Code 1942 Annotated [1956]), nevertheless, it is only when there has been systematic exclusion of a class of persons so as to deprive a defendant of an impartial constitutional jury composed of a cross section of the citizens of the county, or the jury has been obtained by a radical departure from the statutory scheme of selecting jurors, that the court will grant a new trial for the failure to follow the exact statutory scheme of jury selection.
We pointed out in Black v. State, 187 So.2d 815 (Miss.1966), the obvious reason why Section 1762, Mississippi Code 1942 Annotated (1956), was amended by the legislature by Laws 1964, Chapter 327, section 1. In that case we pointed out that in counties where no Negro was a qualified elector there was no list from which such persons could be drawn. The Constitution, Section 264 (Mississippi Constitution of 1890), was amended and legislation passed (Laws 1964, Chapter 327-1) permitting the circuit judge to order a list of freeholders to be included in the list of qualified jurors.
In Dunning v. State, 251 Miss. 766, 171 So.2d 315 (1965), we pointed out that the failure of the board of supervisors to obtain a list of freeholders from the tax assessor did not indicate that a certain class of citizens was systematically excluded from jury service. The inclusion of resident freeholders as a list of names from which jurors may be drawn is made discretionary by the legislature and it is within the sound judicial discretion of the circuit judge. In counties where a great proportion of the men and women register as qualified electors, it may not be necessary for the circuit judge to require the list of resident freeholders to be added to the list of qualified electors because many of the names in one list may be included in the other list.
The appellant complains that she was not given certain jury instructions requested by her. She requested twenty-nine instructions and the trial judge allowed twenty-four of these instructions. We have *293 examined the instructions complained of and are satisfied that they are either erroneous or repetitious and the trial court was correct in refusing to grant the defendant the use of these instructions.
The appellant seriously contends that she should have been acquitted and discharged by the court, or that a new trial should have been granted, because, it is said, the State failed to prove that the defendant caused the death of the deceased, Johnny B. Stin-ner.
This contention is not well taken because the defendant’s own testimony establishes the cause of the death of the deceased as well as her guilt.
We find no reversible error in the record of the trial of this case, and for that reason, the judgment and sentence of tlie trial court is affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, BRADY and INZER, JJ., concur.